# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2025

Lyle W. Cayce
Clerk

No. 25-20116

Yolanda D. Davis,

*Plaintiff—Appellant*,

*versus*

Texas Municipal Police Association,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2612

_____

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:*

After the Texas Municipal Police Association (TMPA) fired Yolanda Davis from her position as a field representative, she sued alleging racial discrimination under Title VII of the Civil Rights Act of 1964, the Texas Labor Code, and 42 U.S.C. § 1981, and retaliation under Title VII and § 1981. The district court granted TMPA's summary judgment motion dismissing both claims. Davis now appeals. We AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20116

I

Davis began working at TMPA in 2018 under the supervision of Clint McNear. In September 2022, McNear completed Davis's annual written performance review, noting that Davis exhibited strong leadership potential and external communication skills but needed improvement in areas such as internal communication, teamwork, and time management. Specifically, McNear identified a pattern of Davis's missing meetings, missing scheduled legal support call hours, logging excessive administrative time, failing to complete required monthly member drop-call lists, and failing to properly use the office calendar to manage and account for her time.

Davis reacted poorly to her review. In a follow-up meeting with McNear, she claimed she had been butting heads with McNear and accused him of lying. Later, in a lengthy written response to her review, she accused McNear of attacking her character, making unsubstantiated allegations, asking her to lie, and being an incompetent supervisor, concluding that trust had been lost between them. Following a further written exchange in which Davis doubled down, TMPA requested her resignation and fired her when she refused to offer it. Davis then sued.

TMPA moved for summary judgment on both claims, arguing there were no triable issues of material fact to support either discrimination or retaliation. The district court applied to both claims the familiar burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and assumed, without deciding, that Davis had established a *prima facie* case at step 1 for each claim. At step 2, the court agreed that Davis's hostile response to McNear's performance review, as well as evidence of prior insubordination, established legitimate, non-discriminatory reasons for terminating her. At step 3, the court held Davis had not shown TMPA's

2

No. 25-20116

stated reasons for termination were pretextual. Accordingly, the court granted summary judgment against Davis.

## II

Summary judgment shall be granted if the movant shows there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Our review is *de novo*. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).

## III

Davis argues the district court erred for three reasons. First, she presented sufficient evidence to show TMPA's stated reason for firing her was pretextual. Second, the district court impermissibly drew factual inferences in TMPA's favor. And third, the court erred when it held pretext was ripe for summary judgment, despite TMPA's signing a joint pretrial order listing pretext as a contested fact.

Davis's first two arguments boil down to the same question—did the district court correctly find she failed to show pretext? We conclude it did.

As to discrimination, Davis did not produce substantial evidence showing that her firing constituted disparate treatment or that it was false or unworthy of credence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578–79 (5th Cir. 2003). As to retaliation, she likewise failed to show some protected activity on her part that was the but-for cause of her firing. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022). The district court found neither the evaluation nor Davis's responses "made any mention of a racial or retaliatory basis for their disagreements." *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 416 (5th Cir. 2007). In sum, Davis did not "identify specific evidence in the record" to support her pretext claim. *Owens*, 33 F.4th at 828.

No. 25-20116

The district court reasonably assumed that Davis's hostile response to her review was TMPA's primary reason for her termination since the record is undisputed that, prior to the review, her job was not at risk. *See Burrell*, 482 F.3d at 416 (holding termination based on inappropriate response to a review was not pretextual). As in *Burrell*, Davis's response plainly showed a "failed working relationship." *Ibid.* Any supposed omissions by the district court in its recounting the facts, or making allegedly unfavorable inferences, do not alter the fact that Davis failed to show that TMPA's non-discriminatory reasons for firing her were pretextual, or that a reasonable jury could have found that some protected conduct was the but-for cause of the alleged adverse employment action. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 999, 1003 (5th Cir. 2022).

Finally, as to the pretrial order, the district court did not err in granting summary judgment after the parties jointly submitted an order listing pretext, among other questions, as a contested issue. This court has squarely held that pretrial orders listing contested facts do not prevent judges from granting summary judgment if appropriate, as it was here. *See Topalian v. Ehrman*, 954 F.2d 1125, 1134 (5th Cir. 1992). Davis offers no authority to the contrary.

IV

The district court's judgment is AFFIRMED.

4